IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORAD0

Civil Action No. 15-cv-01382-GPG

THURMAN HARRISON, JR.,

    Applicant,

v.

PAMELA J. PLOUGHE,

    Respondent.

___

ORDER OF DISMISSAL

___

Applicant, Thurman Harrison, Jr., is in the custody of the Colorado Department of Corrections (CDOC). He has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). Mr. Harrison has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**I.   Application and Procedural Background**

Mr. Harrison states the following in his Application:

> [Applicant] is currently incarcerated . . . for a crime committed in Denver and Jefferson County. Mr. Harrison was sentenced to a term of 4 years to the [CDOC] on July 20, 2012 in the Denver County case no. 11CR5231 for Forgery with a term of 2 years of mandatory parole, the sentence was to run concurrently with Mr. Harrison's parole violation and on August 20, 2012 in the Jefferson County case no. 12CR0646 Mr. Harrison was sentence[d] to four years to the CDOC . . . , with a mandatory period of parole of 3 years. The sentence was to run concurrent with the Denver Case. Mr. Harrison was awarded 205 days of presentence confinement credit in the Jefferson County case. Mr. Harrison has not been credited with the presentence confinement credit that was granted to him by the Denver District Court. With Mr. Harrison presentence confinement credit, [he] should have been released to his Mandatory parole on or about March 16, 2015.

(ECF No. 1, at 2).   Mr. Harrison also asserts that he was denied earned time credits against his sentence. (*Id.* at 6).

On December 29, 2014, Mr. Harrison filed a petition for a writ of mandamus, in Fremont County District Court Case No. 14cv188, concerning the CDOC's failure to apply presentence confinement credit to his sentences, as well as the denial of earned time credits.   (ECF No. 8-1, at 2).   The state district court denied the petition on May 7, 2015. (*Id.* at 1, 8).   Mr. Harrison did not appeal the state district court's order to the Colorado Court of Appeals. (*See* ECF No. 8-2).

On March 30, 2015, Mr. Harrison filed a Petition for a Writ of Habeas Corpus in Fremont District Court Case No. 15cv47, which was denied summarily by the district court on April 22, 2015.   (*See* ECF No. 8-3).   Applicant thereafter filed a Colo. Crim. P. Rule 21 motion in the Colorado Supreme Court, which was denied on June 9, 2015.   (*See* ECF No. 8-4).

Mr. Harrison filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c), in the Fremont County District Court, on July 17, 2015.   (*See* ECF Nos. 8-5, 8-6). That motion is currently pending.   (ECF No. 8-6).

Mr. Harrison filed his § 2241 Application in this Court on June 29, 2015.

On June 30, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondent to file a Preliminary Response addressing the affirmative defenses of timeliness and exhaustion of state court remedies, if Respondent intended to raise one or both of those defenses. (ECF No. 8).   Respondent filed a Preliminary Response on July 21, 2015. (ECF No. 8).

On August 21, 2015, Applicant filed a notice of address change with the Court in which he states that he was released from the Four Mile Correctional Center in Canón City, Colorado, and is now living at a residential address in Denver, Colorado. (ECF No. 9).   Magistrate Judge Gallagher thereafter issued a minute order on August 24, 2015 (ECF No. 10), directing the clerk of the court to mail a copy of the Preliminary Response to Applicant at his new address and afforded him 21 days to file a Reply.   Applicant filed his Reply on September 8, 2015. (ECF No. 13).

The Court must construe the Application and other papers filed by Mr. Harrison liberally because he is not represented by an attorney.   See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a pro se litigant.   See Hall, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action without prejudice.

**II.  Analysis**

**A.  Mootness**

As a preliminary matter, the Court must determine whether the Application has been mooted by Mr. Harrison's release from prison.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."   McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir.1996); see also Alvarez v. Smith, 558 U.S. 87, 130 S.Ct. 576, 580 (2009).   "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."   Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).   At all stages of the case, the parties must have a "personal stake in the

outcome' of the lawsuit. *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Federal courts have no authority to give an opinion upon a question that is moot as a result of events that occur during the pendency of the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Applicant's claim that he is entitled to presentence confinement credit was not mooted by his release from prison to a term of mandatory parole. Under Colorado law, a criminal defendant who is owed presentence confinement credit, but has completed the confinement portion of his sentence, is entitled to have that credit applied to his mandatory parole term. *See Edwards v. People*, 196 P.3d 1138 (Colo. 2008). As such, Mr. Harrison continues to have "personal stake in the outcome' of the lawsuit. *Spencer*, 523 U.S. at 7, and his claim is not moot. *See Aycox v. Lytle,* 196 F.3d 1174, 1176 n. 2 (10th Cir.1999) (petitioner's release on parole did not moot habeas petition where parole period would be shortened if he prevailed on the merits of his claim).

However, Applicant's claim that the CDOC failed to award him earned time credits to which he was entitled was mooted by his release on parole. *See Meyers v. Price*, 842 P.2d 229, 232 (Colo. 1992) (stating that earned time credits "do not constitute service of sentence, but only serve the purpose of determining an inmate's parole eligibility date."); *Oliver v. Raemisch*, No. 13-1348, 564 F. App'x 923 (10th Cir. April 29, 2014) (unpublished) (affirming district court's order dismissing, as moot, § 2241 petitioner's claim that earned time credits wrongfully denied to him while he was incarcerated be applied to the mandatory parole component of his sentence). Applicant was afforded an opportunity to demonstrate that an exception to the mootness doctrine applies under *Riley v. INS,* 310 F.3d 1253, 1256-57 (10th Cir. 2002), but he failed to do so. (*See* ECF Nos. 12, 14).

Accordingly, the claim for additional earned time credits will be dismissed as moot.

**B.   Exhaustion of State Court Remedies**

Respondent argues in the Preliminary Response that the Application should be dismissed for Mr. Harrison's failure to exhaust available state court remedies.

A state prisoner must exhaust state court remedies before seeking federal habeas corpus relief under § 2241.   See *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly and properly to the state courts.   See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."   *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).   A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim.   See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The state court records submitted by Respondent reflect that Applicant has thus far failed to properly exhaust available state court remedies.

Mr. Harrison did not exhaust state court remedies in Fremont County District Court Case No. 14cv188 because he did not appeal the district court's order denying his mandamus action.

Mr. Harrison did not exhaust state court remedies in 15cv47 because he failed to follow the proper appellate procedure. Applicant should have filed a direct appeal of the trial court's order denying his petition for a writ of habeas corpus to the Colorado Supreme Court pursuant to COLO. REV. STAT. § 13-4-102(1)(e) (2015). Instead, Mr. Harrison sought extraordinary relief in the Colorado Supreme Court., which does not satisfy the exhaustion requirement. "[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, raising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351 (quotations and citation omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (applying *Castille* and holding "petitioner's presentation of his claim to the Wyoming Supreme Court via a petition for writ of certiorari was . . . ineffective to exhaust his state remedies"). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Furthermore, relief under Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal or under C.R.C.P. 106, is available." C.A.R. 21(a)(1). As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Because "[p]etitions to the Supreme Court in the

nature of mandamus [and] habeas corpus . . . are subject" to this rule, *see* C.A.R. 21(a)(2), the Court finds that Mr. Harrison's claims were not fairly presented to the Colorado Supreme Court in 15cv47.

And, finally, Mr. Harrison's motion for post conviction relief pursuant to Colo. Civ. P. Rule 35, filed in Fremont County District Court Case No. 11cr5231, does not satisfy the exhaustion requirement because that motion is still pending.   *See* 28 U.S.C. 2254(c).

For these reasons, the action will be dismissed for failure to exhaust state remedies.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and this action is DISMISSED WITHOUT PREJUDICE as follows: Applicant's claim challenging the denial of presentence confinement credit is dismissed for failure to exhaust state court remedies.   The claim challenging the denial of earned time credits is dismissed as moot (lack of subject matter jurisdiction).   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Harrison has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED October 6, 2015, at Denver, Colorado.

7

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court